THE STATE, Respondent, v. McQUAIG, Appellant.

1. Where, under an indictment under section 38, of article 2, of the act concerning crimes and punishments, (R. C. 1845, p. 351,) the jury render a verdict against the defendant, and assess his punishment at $300; *held*, that it is not erroneous to enter a fine of $500 against the defendant.

*Appeal from St. Louis Criminal Court.*

*H. A. Clover*, for the State.

RYLAND, Judge, delivered the opinion of the court.

The defendant, McQuaig, was indicted for "feloniously and wilfully assaulting George Little, in St. Louis county, and with a certain knife, feloniously and wilfully, by his act and procurement, did strike, wound and cut and stab the said George Little on the twentieth day of August, in the year 1854, at St. Louis county, giving to him, the said George Little, then there, with the knife aforesaid, in and upon the right arm, and near the shoulder of him, said George Little, one wound of the length of two inches, and the depth of two inches; and the jurors aforesaid, upon their oath aforesaid, do say that said George Little, then and there, in manner and form aforesaid, was wounded, disfigured, and did receive great bodily harm, by the felonious act of him, the said Malcolm McQuaig, against the peace and dignity of the state." This is the substance of the third count in the indictment. The first count charges the assault and the stabbing to have been made by the defendant, "feloniously, wilfully, on purpose, and of his malice aforethought, with the intent, maliciously, &c., to kill the said George Lit-

tle." The second count omits the malice, but charges the act to have been done "feloniously and wilfully, with the intent to kill." The defendant pleaded "not guilty," was tried and found guilty in manner and form as charged in the third count of the indictment, and the jury assessed his punishment to a fine of $300.

The defendant moved for a new trial, "because the verdict was against law, against evidence, and against the weight of evidence; because the verdict is against the instructions of the court, and is against the provisions of the statute regulating the punishment for the offence charged in the third count of the indictment."

The court overruled this motion, and sentenced the defendant to pay the lowest fine allowed by law for the offence charged in the third count, which is the sum of $500. The fine assessed by the jury being lower than the lowest amount allowed by the statute for such an offence, viz., $300, the court disregarded so much of the verdict and put the fine to the lowest sum which the statute allows. The defendant prayed an appeal to this court.

The statute regulating practice and proceedings in criminal cases, art. 7, § 5, says: "If the jury assess a punishment, whether of imprisonment or fine, below the limit prescribed by law for the offence of which the defendant is convicted, the court shall pronounce sentence and render *judgment according to lowest limit prescribed by law in such case*." This section of the statute sanctions the act of the court, and makes it the duty of the court to treat the illegal fine as a blank, and fill it with the punishment at the lowest limit prescribed by the act for the offence. The offence of the defendant, as charged in the third count of the indictment, (that being the count under which he was convicted,) when punished by fine alone, has its minimum fixed at five hundred dollars. The punishment may be "by imprisonment in the state penitentiary not exceeding five years, or in a county jail not less than six months, or by fine not less than five hundred dollars, or by both fine not less than one hun-

dred dollars and imprisonment in a county jail not less than three months." (38th section, 3d article, crimes and punishments, R. C. 1845, p. 351.) The third count of the indictment is founded on this section.

The record does not show that any exceptions were taken to the admission of any evidence, or to the instructions given by the court to the jury, and the motion for a new trial shows us the causes only complained of here. There is no weight in any of the reasons assigned for a new trial, when compared with the record, and upon the whole case, this court is of opinion that the judgment should be affirmed, which is done accordingly; the other judges concurring.