## EX PARTE JOHN SNYDER.

### Kansas City Court of Appeals, February 9, 1888.

1. FORMER JEOPARDY—LAW OF THE LAND CONCERNING.—The recognized law of the land is, that no person shall be subject, for the same offence, to be twice put in jeopardy of life or limb ; and that one trial and verdict must, as a general rule, protect him against any subsequent accusation of the same offence, whether the verdict be for him or against him, and whether the courts are satisfied with the verdict or not.

2. ——— WHEN A PERSON IS IN LEGAL JEOPARDY—WHAT CONSTITUTES IT.—A person is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. And a jury is said to be thus charged when they have been impaneled and sworn. The defendant then becomes entitled to a verdict which shall constitute a bar to a new prosecution, and he cannot be deprived of this bar by a *nolle prosequi,* entered by the prosecuting officer against his will, or by a discharge of the jury and continuance of the cause.

3. ——— PRACTICE—PREROGATIVE OF TRIAL COURTS CONCERNING VERDICTS IN CRIMINAL CASES.—The trial courts have no authority in a criminal trial to substitute their opinion for that of the jury, either as to the guilt or innocence of the accused ; or as to the measure of punishment assessed by the jury, provided such assessment was within the limits prescribed by the statute creating the offence. Where, therefore, the trial court, as in this case, received the verdict, as it was compelled to do ; and then *sua sponte* set it aside, continued the cause, and peremptorily discharged the jury, with a pronunciamento of perpetual disqualification as jurors. in that court, it was without precedent, and without warrant of law ; and a further or second trial, as had in this case, was against the law.

4. ——— ——— PROPER COURSE FOR THE PRISONER IN SUCH CASES. In such cases as this, the proper course is for the prisoner to move in the trial court for his discharge, or to plead in bar the former conviction or acquittal. And if this plea is overruled by that court, to correct the error by appeal or writ of error to or from the court having appellate jurisdiction over the offence, which, in this case, is the Supreme Court.

5. ———— ———— HABEAS CORPUS—OFFICE OR FUNCTION OF—WRIT OF ERROR.—It is a general rule that the writ of *habeas corpus* does not perform the office or function of a writ of error. It is an original proceeding, in which such judgments are not liable to collateral attack. And so the statute (Rev. Stat., sec. 2648) provides that the "court shall forthwith remand the party, if it shall appear that he is detained in custody by virtue of the final judgment, etc., of any competent court of civil or criminal jurisdiction," etc.

PETITION for writ of *habeas corpus.*

*Discharge of prisoner refused.*

The case is stated in the opinion.

MCNEIL & FARRAR, for the petitioner.

I. *Habeas corpus* is the proper remedy where the error is patent on the face of the record. *Ex parte Page*, 49 Mo. 291; *Ex parte Toney*, 11 Mo. 662. It is the proper remedy where, though the original imprisonment was lawful, yet, by some act, omission, or event, which has taken place afterwards, the party has become entitled to his discharge; or where the jurisdiction of the trial court has been exceeded, either as to matter, place, sum, or person. Rev. Stat., sec. 2650; *Ex parte Snyder*, 65 Mo. 58.

II. It is the imperative duty of this court to hear this petition. *In re McDonald*, 19 Mo. App. 373, 374. This court has the same power in *habeas corpus* that the Supreme Court would exercise. *Ex parte Renshaw*, 6 Mo. App. 474; *Ex parte Jilz*, 64 Mo. 205, 211. Over the subject of *habeas corpus* the jurisdiction of this court is co-equal with that of the Supreme Court, and its judgment just as conclusive. *In re McDonald*, 19 Mo. App. 370, 373.

III. The jurisdiction of the criminal court over the person of the petitioner for the purpose of trial was exhausted when the verdict was returned by the jury in the second trial, unless the defendant should waive the constitutional provision in regard to being put in jeop-

ardy a second time, and this the defendant has never done.

IV.   The writ of *habeas corpus* in this case does not serve the purpose of a writ of error.   The petitioner was in jeopardy on his said second trial, and this verdict being set aside by the court on its own motion, and said order not being changed during the term, the petitioner was entitled to his liberty when the last term of the criminal court closed on December 31, 1887, and on that date there was no final judgment from which an appeal could be taken or writ of error issued.

V.   No person shall be subject for the same offence to be twice put in jeopardy of life or limb.   Const. U. S., amend. 5; 1 Bishop Crim. Law (6 Ed.) sec. 1043.   A person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction upon an indictment which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance; and a jury is said to be thus charged when they have been empaneled and sworn.   *The State v. Hays*, 78 Mo. 600, 605, 606; Cooley Const. Lim. 326, 327, and note, 10.   Defendant may have a new trial, but the government cannot.   Rev. Stat., sec. 1965; 1 Bish. Crim. Law (6 Ed.) secs. 992, 1026.

VI.   Defendant, only, can waive the constitutional provision in regard to being put in jeopardy a second time, the prosecuting power cannot.   1 Bish. Crim. Law (6 Ed.) sec. 1001.   The court cannot change its order of record setting aside the verdict at the second trial, since the term has closed.   *Ashby v. Glasgow*, 7 Mo. 320; *Hill v. St. Louis*, 20 Mo. 584; *Brewer v. Dinwiddie*, 25 Mo. 351

PHILIPS, P. J.—The petition, and accompanying papers, and the return of the marshal of Jackson county, disclose the following state of facts:   At the May term, 1887, of the Jackson county criminal court the petitioner was indicted by the grand jury in and for said county for the offence of an assault with intent to

commit a rape. On a trial had thereon, at said term, the jury failed to agree and were discharged. At the succeeding term of said court, to-wit, on the fifteenth day of September, 1887, petitioner was again put upon his trial, and the jury returned into court the following verdict: "We the jury find the defendant guilty, and assess his punishment at six months in the county jail." Thereupon without any motion, either by the prisoner or the prosecuting attorney, the court of its own motion ordered the verdict set aside, and further ordered that the jurors therein be forever disqualified as jurors in said court. The court further ordered that the cause be set down for re-trial on the twenty-sixth day of October, 1887. On the day last named the prisoner presented his petition to Hon. Turner A. Gill, judge of the circuit court of Jackson county, setting out the facts aforesaid, and praying for a writ of *habeas corpus*, to secure the release of the prisoner, on the ground that he could not again be put in jeopardy, as proposed by the second trial of the judge of the criminal court. Judge Gill, on hearing the petition, and the facts, while holding that the further prosecution of the prisoner under said indictment was in contravention of the constitutional right of the prisoner, yet refused to discharge him, as he was amenable to punishment under the verdict returned by the first jury, and so remanded him to the custody of the marshal. The criminal court thereupon continued said cause to the next regular term, and it was again set for trial on the tenth day of January, 1888. At this date the defendant filed his plea, in the nature of a plea in bar, setting up the former trial and proceedings under said indictment. The court thereupon reset the cause for trial on the thirtieth day of January, 1888, when it again proceeded to re-try the prisoner. While permitting the record of the former trial to be read in evidence, the court, nevertheless, instructed the jury to disregard it. The jury returned a verdict of guilty, assessing the punishment at five years in the penitentiary. The court entered up judgment accord-

ingly. Thereupon the prisoner makes this application to this court for his discharge under the writ of *habeas corpus*.

I.   The recognized law of the land is, that no person shall be subject for the same offence to be twice put in jeopardy of life or limb.

So Judge Cooley, in his treatise on Constitutional Limitations (5 Ed.) p. 399, says: "One thing more is essential to a proper protection of accused parties, and that is, that one shall not be subject to be twice put in jeopardy upon the same charge. One trial and verdict must, as a general rule, protect him against any subsequent accusation of the same offence, whether the verdict be for or against him, and whether the courts are satisfied with the verdict or not. * * * A person is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance, and a jury is said to be thus charged when they have been impaneled and sworn. The defendant then becomes entitled to a verdict which shall constitute a bar to a new prosecution; and he cannot be deprived of this bar by a *nolle prosequi* entered by the prosecuting officer against his will, or by a discharge of the jury and continuance of the cause."

Mr. Justice Story, in *United States v. Gilbert*, 2 Sumner, 60, said: "Upon the most mature deliberation, I am of opinion that the court does not possess the power to grant a new trial, in a case of a good indictment, after trial by a competent and regular jury, whether there is a verdict of acquittal or conviction."

While the language of the fifth amendment to the Federal Constitution, respecting jeopardy, does not appear in terms in our state constitution, the principle has ever been recognized by our courts in administering criminal law. So Judge Scott said, in *State v. Cowan*, 29 Mo. 332: "The constitution forbids that a person shall be twice punished for the same offence." Whether

expressed or not in the organic law of the state, it is the recognized law of the land, that the citizen shall not be twice vexed with the same proceedings, or twice put in jeopardy of life or limb. The only effect of such affirmative provisions in constitutions is to make them irrevocable by legislative enactments. As said by Judge Cooley (Const. Law, sec. 37): "In considering state constitutions, we must not commit the mistake of supposing that, because individual rights are guarded and protected by them, they must be considered as owing their origin to them. These instruments measure the powers of the rulers, but they do not measure the rights of the governed."

The provision of the constitution of the state of Arkansas is the same, in the matter under consideration, as ours. Yet the principle that a person once in jeopardy cannot again be put to trial for the same offence obtains in all its force, as herein applied. *Lee v. State*, 26 Ark. 260. The indictment in this case is admittedly good. No question of its sufficiency is made. The trial proceeded to verdict before a jury regularly obtained and impaneled. The punishment awarded by the jury was pursuant to the instructions of the court, and was within the limitations of the statute. Rev. Stat., sec. 1263.

The trial court had no authority in a criminal trial to substitute its opinion for that of the jury, either as to the guilt or innocence of the accused, or as to the measure of punishment assessed by the jury, provided, such assessment was within the limits prescribed by the statute creating the offence. Had the jury in their verdict exceeded the limit of the law in the punishment awarded, or assessed punishment less than the law prescribes, the court could have proceeded to judgment as provided in sections 1931, 1932, Revised Statutes. The court, however, received the verdict of the jury, as it was compelled to do; and then, *sua sponte*, set it aside, continued the cause, and peremptorily discharged the jury, with a pronunciamento of perpetual disqualifi-

cation as jurors in that court. Such a proceeding is, or ought to be, without precedent, and is certainly without warrant of law. "Verdicts may be set aside and new trials awarded on the application of the defendant." Rev. Stat., sec. 1965. But whence comes the power of the trial judge, of his own motion, to vacate a verdict which he has received ? Even by unnecessarily discharging a jury there is high authority for saying the act was tantamount to an acquittal. In *Wright v. State*, 5 Porter [Ind.] 296, the court say: "Whenever a person shall have been given in charge, on a legal indictment, to a regular jury, and that jury unnecessarily discharged, he has once been put in jeopardy, and the discharge is equivalent to a verdict of acquittal. If a court has the power * * * capriciously to discharge the jury, and continue the cause until next term, * * * he might, at every term, impanel, discharge, and continue, and thus rob the prisoner of his liberty, by preventing a final investigation. * * * We cannot regard the rule as safe, which places arbitrary or unguarded discretion in the hands of any one, when it can be reasonably avoided."

So in *Weinzorpflin v. State*, 7 Blackf. 190, it is said : "Here there was a trial ; and if the jury did not render a valid verdict the omission was not occasioned by the consent of defendant, nor by the necessity of the case." See, also, *Commonwealth v. Clue*, 3 Rawle, 501 ; *State v. Garrigues*, 1 Hayw. 241 ; *Lee v. State, supra*.

The term of the court at which the first verdict of guilty was returned having expired, without any judgment entered thereon, it is a question whether the defendant could now be made amenable thereto. Our conclusion is, that the prisoner was in jeopardy, in the meaning of the law, at the trial when the first verdict was returned against him, and that the last trial was against law.

II. The remaining question is, how is the party to obtain relief from the legal wrong thus done him ? The authorities are quite uniform in holding that the proper

course is for the prisoner to move in the trial court for his discharge, or to plead in bar the former conviction or acquittal. And if this plea be overruled by that court, to correct the error by appeal or writ of error to or from the court having appellate jurisdiction over the offence, which, in this case, is the Supreme Court. See authorities, *supra;* 1 Bish. Crim. Proc., sec. 821. It is a general rule that the writ of *habeas corpus* does not perform the office or function of a writ of error. It is an original proceeding in which such judgments are not liable to collateral attack. *Platt v. Harrison,* 6 Iowa, 79; *In re Mary Eaton,* 27 Mich. 1. Accordingly, our statute (sec. 2648) declares, that: "It shall be the duty of the court forthwith to remand the party, if it shall appear that he be detained in custody, by virtue of the final judgment, etc., of any competent court of civil or criminal jurisdiction," etc. None of the exceptions to this provision enumerated in section 2650, same statute, afford any relief to the petitioner, as they are inapplicable to the facts of this case. *Ex parte Boenninghausen,* 91 Mo. 301. The conclusion reached is, as we conceive, fully sustained by the doctrine announced in *Ex parte Ruthven,* 17 Mo. 541. The prisoner was put to trial for murder. After the trial had proceeded for several days, the court discharged the jury, in the absence of the prisoner and without his consent. Counsel for prisoner thereupon moved for his discharge, on the ground that the jury had been illegally discharged, and, of consequence, the prisoner could not be retried, having once been in jeopardy. This motion having been denied, the prisoner applied to the Supreme Court for the writ of *habeas corpus.* Gamble, J., who delivered the opinion, after referring to the statute above named, said: "The prisoner in this case is imprisoned on an indictment found in a court of competent jurisdiction. He cannot be discharged upon *habeas carpus* by showing that he has a defence to it; and if the facts on which he relies be a defence in law, they must be sued in the court in which the indictment is pending. If the

court fail to give them their proper effect, this court, as an appellate court, can correct the error; but on a *habeas corpus* it acts with no more power than belongs to a justice of the county court, under the *habeas corpus* act, and will not, under such process, review the proceedings of the circuit court. It is said that the discharge of the jury discharged the indictment. The circuit court has decided otherwise. Shall a justice of the county court, on *habeas corpus*, review the decision, and discharge the prisoner? We think not"; nor will this court.

We have no more right to discharge the prisoner against the established rules of procedure, than the criminal court has to hold him contrary to law. He has his remedy, to protect his liberty, and to that we must remit him.

The discharge of the prisoner is, therefore, refused, and he is remanded to the custody of the marshal of Jackson county. Ellison, J., concurs. Hall, J., absent.

### SEPARATE OPINION.

Ellison, J.—The provision, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb," does not appear in the constitution of this state, but is found in the fifth amendment to the constitution of the United States, and as such, it has no application to the state prosecutions for crimes against state laws. Its restrictions are exclusively upon the federal power. *Barron v. Baltimore*, 7 Peters, 243; *Twitchell v. Commonwealth*, 7 Wall. 321. I have no hesitation, however, in saying that the verdict in the first trial was conclusive on the trial judge, upon which the prisoner should have been sentenced, and that the second trial was without authority of law.