(103 N. W. 935.)

---

THE STATE OF NORTH DAKOTA v. WILLIAM BARRY.

Opinion filed May 31, 1905.

**Statute — Permissive or Mandatory.**

1. Whether a statute is permissive or mandatory depends upon the intent of the legislature.

**Statutes Permissive in Form May Be Mandatory.**

2. It is a general rule of construction that statutes which confer upon public officers power to act, for the sake of justice or concerning public interests or the rights of third persons, although permissive in form, are mandatory, and impose a positive duty to act when the condition calling for the exercise of the power is present.

**Criminal Law — Reception of Verdict — Duty of Court.**

3. That part of section 8246, Rev. Codes 1899, which authorizes trial judges to receive verdicts in criminal cases in which the jury has fixed the punishment higher or lower than provided by law, and to pronounce judgment thereon for the highest punishment or the lowest punishment authorized by statute for the offense of which the defendant is found guilty, is mandatory. Verdicts coming within the

exception contained in this section are legal and valid verdicts, and it is the duty of trial judges to receive the same and enter judgment thereon.

### Murder — Former Jeopardy — Sentence.

4. The defendant was tried and found guilty of murder in the first degree, and sentenced to imprisonment for life. At the trial he interposed the plea of former conviction under the same information, and supported his plea by offering a verdict returned by the jury at the former trial, in which they found him guilty of murder in the second degree and fixed the period of his punishment at seven years. The trial court instructed the jury to find against the defendant upon this plea. *Held,* that this was error; that, for reasons stated in the opinion, the verdict was legal and valid, and it was the duty of the trial judge to sentence defendant thereunder; and that the trial court exceeded its authority in sentencing the defendant for life. The judgment must therefore be modified to correspond with the lawful punishment which he was authorized to impose, and as of the date of the former verdict.

Appeal from District Court, Walsh county; *Cowan,* J.

William Barry was convicted of murder, and appeals.

Judgment modified.

*Tracy R. Bangs,* for appellant.

A constitutional provision must be interpreted in the light of the common law, from which it is inherited, as known to the framers. Miner v. Happersett, 21 Wall. 162, 22 L. Ed. 627; Ex parte Wilson, 114 U. S. 417, 29 L. Ed. 89; Boyd v. U. S., 116 U. S. 616, 29 L. Ed. 746; Smith v. Alabama, 124 U. S. 465, 31 L. Ed. 508; 1 Kent's Com. 336; Moore v. U. S., 91 U. S. 270, 23 L. Ed. 346; The Abbotsford v. Johnson, 98 U. S. 440, 25 L. Ed. 168.

A person is in legal jeopardy when he is put upon his trial, before a court of competent jurisdiction, upon an indictment or information sufficient in form and substance to sustain a conviction, and a jury is impaneled and sworn, charged with his deliverance. Cooley on Const. Lim. (6th Ed.) 399; McDonald v. State, 79 Wis. 651, 24 Am. St. Rep. 740; Clark's Criminal Law, 374.

No man shall be twice put in jeopardy of life or limb for the same offense. People v. Goodwin, 18 Johns. 201; Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872; Coleman v. Tennessee, 97 U. S. 509, 24 L. Ed. 1118.

When one has been tried before a competent tribunal having jurisdiction, he has been in jeopardy as much as if tried in one

where a jury alone is competent to convict or acquit. Kepner v. U. S. Advance Sheets, Sup. Ct. Rep. July 15, 1904, page 797; People v. Miner, 33 N. E. 40; State v. Bowen, 47 N. W. 650; State v. Layne, 36 S. W. 390.

The verdict rendered at Langdon incriminated the defendant as guilty of murder in the second degree, and acquitted him of murder in the first degree, and a second prosecution is barred thereby. Commonwealth v. Jenks, 1 Gray, 490; State v. Burke, 38 Me. 574; Commonwealth v. Cook, 9 Am. Dec. 465; State v. Roe, 12 Vt. 93; People v. Ny Sam Chung, 94 Cal. 304, 29 Pac. 642, 28 Am. St. Rep. 129; 1 Bishop's Crim. Law, section 660; People v. Goodwin, 18 Johns. 187, 9 Am. Dec. 203; McDonald v. State, 79 Wis. 651, 48 N. W. 863, 24 Am. St. Rep. 740; McClain's Crim. Law, section 390; Sylvester v. State, 72 Ala. 201; Johnson v. State, 29 Ark. 31; State v. Belden, 33 Wis. 120; State v. Helm, 61 N. W. 246.

To put the defendant twice in jeopardy, he must be a second time put upon his trial before a jury impaneled, sworn and charged with his deliverance. Com. v. Fitzpatrick, 121 Pa. St. 109, 6 Am. St. Rep. 757, 1 L. R. A. 451; Hilands v. Com., 56 Am. Rep. 235; State v. Parker, 24 N. W. 225; Ex parte Fenton, 19 Pac. 267; People v. Hinckeler, 48 Cal. 331; State v. Parish, 43 Wis. 395; Cooley on Const. Lim. 326.

Jeopardy begins as soon as the jury is sworn. Wright v. State, 5 Ind. 290, 61 Am. Dec. 95; Com. v. Cook, 6 Sargt. & R. (Pa.) 577; State v. Norvall, 2 Yerg. (Tenn.) 24; Pizano v. State, 20 Tex. App. 139; Morgan v. State, 13 Ind. 215; People v. Webb, 38 Cal. 467; Nolan v. State, 21 Am. Rep. 281.

If a jury after being sworn is discharged without a verdict, no legal ground of discharge being shown, the effect is the same as a verdict of acquittal. State v. Calendine, 8 Iowa, 288; State v. Tatman, 59 Iowa, 471, 13 N. W. 632; Josephine v. State, 39 Miss. 613; Teat v. State, 53 Miss. 439; King v. People, 5 Hun. 297; Com. v. Cook, supra; Com. v. Fitzpatrick, supra; Hilands v. Com., 1 Cent. Rep. 899, 56 Am. Rep. 235; McCorkle v. State, 14 Ind. 39; Adams v. State, 99 Ind. 244; Powell v. State, 17 Tex. App. 345; People v. Gardner, 29 N. W. 19; Com. v. Smith, 149 Mass. 9, 20 N. E. 161; Lee v. State, 26 Ark. 260; People v. Cage, 48 Cal. 323; Ex parte Sndyer, 29 Mo. App. 256; State v. McLee, 1 Bail. L. 651.

And so when case is determined on a motion for a discharge after the conclusion of the state's case. State v. Hubbell, 51 Pac. 1039;

Const. U. S. Amend., Art. 5; Cooley on Const. Lim. sections 326, 327.

.An arbitrary discharge of a jury without a sufficient cause, and without the consent of the defendant, operates as an aquittal. Hilands v. Com., 6 Atl. 267, 56 Am. Rep. 235; Haskins v. Com., 1 S. W. 730; State v. Falconer, 30 N. W. 655; State v. Ward, 2 S. W. 191; State v. Walker, 26 Ind. 346; People v. Barrett & Ward, 2 Caine's Cases, 100-304; Mount v. State, 14 Ohio, 295, 45 Am. Dec. 542; O'Brien v. Com., 9 Bush. 333, 15 Am. Rep. 715; McDonald v. State, 48 N. W. 863, 24 Am. St. Rep. 740; Powell's Case, 17 Tex. Ct. App. 345.

A person is once in jeopardy whenever he has been given in charge, on a legal indictment to a regular jury, and if the jury is unnecessarily discharged, the discharge is equivalent to a verdict of acquittal. Wright v. State, 5 Ind. 290, 61 Am. Dec. 90; Weinzorplin v. State, 7 Blackf. 194; Miller v. State, 8 Ind. 325; Reese v. State, 8 Ind. 416; Morgan v. State, 13 Ind. 215; Joy v. State, 14 Ind. 139; State v. Walker, 26 Ind. 346; People v. Webb, supra.

A conviction of murder in the second degree is an acquittal of murder in the first degree. McClain's Crim. Law, section 390; Sylvester v. State, 72 Ala. 201; Johnson v. State. 29 Ark. 31; State v. Belden, 33 Wis. 120; State v. Helm, 61 N. W. 246; State v. Tweedy, 11 Iowa, 350; People v. Gilmore, 4 Cal. 376, 60 Am. Dec. 620; State v. Ross, 29 Mo. 32; Brennon v. People, 15 Ill. 511: Barnett v. People, 54 Ill, 325; State v. Dunn, 41 La. An. 610.

When the offense on trial is a necessary element in, and constitutes an essential part of, another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to a prosecution for the other. State v. Cross, 101 N. C. 770, 9 Am. St. Rep. 53 and note; People v. Pearl, 42 N. W. 1109, 15 Am. St. Rep. 304; State v. Yanta, 38 N. W. 333; Roberts v. State, 58 Am. Dec. 544 and note; State v. Cooper, 13 N. J. L. 361, 25 Am. Dec. 490; Dankey v. Com., 17 Pa. St. 126, 55 Am. Dec. 542; Bull v. State, 48 Ark. 94; Roberts v. State, 14 Ga. 8, 58 Am. Dec. 528; Fiddler v. State, 7 Humph. 508; Com. v. Curtis, Thacker Cr. Cases, 206; U. S. v. Gilbert, 2 Sumn, 42, 3 Greenleaf Ev., section 35; State v. Hornsby, 41 Am. Dec. 314; Barnett v. People, 54 Ill. 325; People v. Knapp, 26 Mich. 112; State v. Lessing, 16 Minn. 64; State v. Smith, 53 Mo. 139; Keefe v. People, 40 N. Y. 348; People v. Thompson, 41 N. Y. 1.

A conviction of murder in the second degree is an acquittal of the higher offense, and on second trial accused cannot be convicted of murder in the first degree. Lewis v. State, 51 Ala. 1; Mitchell v. State, 60 Ala. 26; Sylvester v. State, 72 Ala. 201; Johnson v. State, 29 Ark. 31, 21 Am. Rep. 154; Johnson v. State, 27 Fla. 245, 9 So. 208; Golding v. State, 31 Fla. 262, 12 So. 525; State v. Helm, 92 Iowa, 540, 61 N. W. 246; State v. Ross, 29 Mo. 32; Jones v. State, 13 Tex. 168, 62 Am. Dec. 550; Parker v. State, 22 Tex. App. 105, 3 S. W. 100; Smith v. State, 22 Tex. App. 316, 3 S. W. 684; State v. Murphy, 43 Pac. 44; People v. McDaniels, 69 Pac. 1006; People v. Defoor, 34 Pac. 642; 1 Bish. New Crim. Law, section 1057; Reg. v. Stanton, 5 Cox Cr. Cases, 324.

The plea of autrefois convict is supported by proof of a lawful trial and verdict, though no judgment be given upon it. Shepherd v. People, 25 N. Y. 406; People v. Taylor, 3 Denio. 97; Mount v. State, supra, State v. Benham, 7 Conn. 414; State v. Norvell, 24 Am. Dec. 458; Dyer v. Com. 23 Pick. 402; People v. Goodwin, 18 John. 202; Hartung v. People, 26 N. Y. 167, 28 N. Y. 412.

If through misdirection of the judge in matter of law a verdict is improperly rendered, it can never afterwards, on application of the prosecution, in any form of proceeding be set aside. People v. Terrill, 64 Pac. 894; 1 Bish. Crim. Law, section 665; People v. Webb, supra; People v. Horn, 11 Pac. 470; People v. Roberts, 45 Pac. 1016.

The utmost favor is always extended to verdicts. They are not to be construed as strictly as pleadings are. Whenever the court can collect the clear meaning of the jury from the findings, it is bound to mould it into form and make it serve. Wittick v. Traun, 27 Ala. 562, 62 Am. Dec. 778; Moody v. Keener, 7 Port. (Ala.) 218; Tippin v. Patty, 7 Port. (Ala.) 44; Picket v. Richet, 2 Bivv. (Ky.) 178; Jeansch v. Lewis, 48 N. W. 128; People v. McCarty, 48 Cal. 557; People v. Welch, 49 Cal. 174; People v. Buckley, 49 Cal. 241; People v. Perdue, 49 Cal. 425; State v. Benham, 7 Conn. 414; Prennan v. People, 15 Ill. 517; People v. Cook, 10 Mich. 164; Teat v. State, 53 Miss. 439; Hartung v. People, 26 N. Y. 167; Mount v. State, supra; Nolan v. State, 21 Am. Rep. 281; Keeley v. People, 56 Am. Rep. 184; State v. Blaisdell, 59 N. H. 328; People v. Travers, 19 Pac. 268.

A permissive word should be construed as peremptory, when used to clothe a public officer with power to do an act which ought to be done for the sake of justice, or which concerns the public in-

terests or the right of a third person. State v. Kent, 4 N. D. 577, 62 N. W. 631; Culter v. Howard, 9 Wis. 309; Sutherland on Statutory Construction, p. 597; Supervisors v. U. S., 4 Wall. 435, 18 L. Ed. 419; 20 Am. & Eng. Enc. Law, 242; Fowler v. Perkins, 77 Ill. 271; Low v. Dunham, 61 Me. 566; State ex rel. Jones v. Loughlin, 73 Mo. 443; Cutler v. Howard, 9 Wis. 309; Potters Dwarris on Statutes, 220.

The verdict at Langdon was a valid verdict. It is general on the merits and finds the defendant guilty of murder in the second degree, and should have been accepted and recorded. State v. Maloney, 7 N. D. 119, 72 N. W. 927; 1 Bish. New. Cr. Proc., section 1005; State v. Ryan, 13 Minn. 370 (Gil. 343); Hart v. Hate, 38 Tex. 383; State v. Arnold, 42 N. E. 1095.

The right of the trial court to discharge the jury before verdict exists only in cases of extreme and absolute necessity. State v. Callendine, 8 Iowa, 288; People v. Cage, 48 Cal. 323; Mount v. State, supra; 1 Bishop Crim. Law, section 1041; Mitchell v. State, 42 Ohio St. 383; O'Brien v. Com., 9 Bush. 333; U. S. v. Shoemaker, 2 McLean, 114; People v. Goodwin, 18 Johns. 187; U. S. v. Coolidge, 2 Gall. 364; People v. Arnett, 61 Pac. 930; People v. Curtis, 17 Pac. 941; Com. v. Cook, 6 Sergt. & Rawle, 577, 9 Am. Dec. 465; State v. McKee, 21 Am. Dec. 502.

An improper discharge of a jury without the defendant's consent is equivalent to his acquittal. State v. Costello, 69 Pac. 1099; 1 Bishop New Crim. Law, sections 992-1073; 1 Bishop Cr. Proc., section 821; State v. Hubbell, 51 Pac. 1039; People v. Jones, 12 N. W. 848; People v. Harding, 19 N. W. 155; State v. Richardson, 25 S. E. 220, 35 L. R. A. 238; 11 Am. & Eng. Enc. Law, 949; 1 Bish. Cr. Proc., paragraph 821; Com. v. Cook, supra; State v. McKee, supra; Mahala v. State, 31 Am. Dec. 591; Poage v. State, 3 Ohio St. 230; Grant v. People, 4 Parker Cr. R. 527; Jones v. State, 97 Ala. 77, 38 Am. St. Rep. 150; Ex parte Maxwell, 11 Nev. 428; Bell v. State, 44 Ala. 393; Atkins v. State, 16 Ark. 568; Weinzorplin v. State, 7 Blackf. 186; Wright v. State, 61 Am. Dec. 90; McCorkle v. State, 14 Ind. 39; State v. Callendine, 8 Iowa, 288.

The weight of authority is against the principle that a constitutional right may be waived. Ex parte Glenn, 111 Red. 257; Prine v. Com., 19 Pa. 103; Cancemi v. People, 18 N. Y. 128; Spurgeon v. Com., 10 S. E. 979; People v. McKay, 18 Johns. 212; Pierson v. People, 79 N. Y. 424; Allen v. State, 54 Ind. 461; State v. Carman, 63 Iowa, 130; Hill v. People, 16 Mich. 351; Hopt v. Utah,

110 U. S. 574; 28 L. Ed. 262; State v. Richardson, 25 S. E. 220, 35 L. R. A. 238; People v. McKay, 18 Johns. 212; Thompson v. Utah, 170 U. S. 343, 42 L. Ed. 1061, 18 Sup. Ct. Rep. 620.

Submission to the jury of special pleas is the better practice and is sustained by principle and the weight of authority. Lee v. State, 26 Ark. 260, 7 Am. Rep. 611; Rex v. Roche, 7 Leach, 160; Am. Cr. Law, Vol. 1, section 538; Hill v. State, 2 Yarg. 248; The State v. Copeland, 2 Swan. 662; Clem v. State, 48 Ind. 420; Thompson v. United States, 155 U. S. 271, 38 L. Ed. 146; State v. Hudkins, 13 S. E. 367; Daniels v. States, 78 Ga. 98, 6 Am. St. Rep. 238.

*George M. Price,* State's Attorney, for respondent.

The jury is bound to receive the law as laid down by the court. Williams v. State, 66 Am. Dec. 615; sections 81-83, Rev. Codes 1899.

The court's declaration that a verdict did not conform to law, as far as the case on trial is concerned, settled the law. It is the conclusive province of the court to determine all questions of law. Sparf. v. U. S., 156 U. S. 51, 15 Sup. Ct. Rep. 273; U. S. v. Keller, 19 Fed. 633; Withers v. State, 117 Ala. 89; Rynon v. State, 67 Am. St. Rep. 163; People v. Ivey, 49 Cal. 56; People v. Anderson, 44 Cal. 65; State v. Reilly, 73 N. W. 356; State v. DeLong, 12 Iowa, 453; State v. Moore, 81 Iowa, 578; State v. Bowen, 16 Kan. 475; People v. Neumann, 48 N. W. 290; People v. Mortimer, 48 Mich. 37; Parrish v. State, 14 Neb. 60; People v. Bennett, 49 N. Y. 137; Armstrong v. Keith, 20 Am. Dec. 133; Duffy v. People, 26 N. Y. 588; Com. v. McMannus, 143 Pa. St. 64.

The form of the verdict is a question of law, and when once decided is final. Grand v. State, 23 L. R. A. 723.

The court has power to direct a jury to amend their verdict. People v. Dick, 34 Cal. 663; People v. Jenkins, 56 Cal. 4; Mangum v. State, 13 S. E. 558; State v. Anderson, 24 S. C. 109; Robinson v. State, 4 S. W. 904; Pehlman v. State, 17 N. E. 270; State v. Bishop, 73 N. C. 44; Com. v. Nicely, 18 Atl. 737; State v. Linney, 52 Mo. 40; State v. Waterman, 1 Nev. 453.

The court has the right to discharge the jury upon a failure to agree. State v. Gamble, 45 Atl. 716; Logan v. U. S., 144 U. S. 263, 12 Sup. Ct. Rep. 617; Barrett v. State, 35 Ala. 406; Lee v. State, 7 Am. Rep. 611; People v. Cage, 48 Cal. 323; State v. Vaughn, 29 Iowa, 286; State v. Woodruff, 2 Am. Dec. 122; State v. Jorgenson, 32 Pac. 1129; State v. White, 27 Am. Rep. 137; Thompson v. Com., 25 S. W. 1059; Richard v. Page, 81 Mo. 563;

Com. v. Purchase, 13 Am. Dec. 452; People v. Schoneth, 7 N. W. 70; Helm v. State, 67 Miss. 562; People v. Whitson, 111 N. C. 695; State v. Stephenson, 54 S. C. 234; State v. Crane, 4 Wis. 400.

It was right to submit special pleas together with the merits to the same jury at the same time, charging them to first determine the special pleas and then proceed to the merits. People v. Briggs, 1 Ter. R. 293; Territory v. King, 6 Dak. 131, 50 N. W. 623; People v. Connor, 36 N. E. 807; State v. Hudkins, 13 S. E. 367.

YOUNG, J. On February 11, 1901, an information was filed in the district court of Cavalier county by the state's attorney of that county, charging the defendant with the murder of one Andrew Mellem, alleged to have been committed on the 3d day of January, 1901. The defendant was tried in the following July, and the jury returned a verdict of guilty of murder in the first degree, and fixed his punishment at life imprisonment. The judgment entered in pursuance thereof was reversed for prejudicial errors occurring at the trial, and the defendant was remanded for a new trial. State v. Barry, 11 N. D. 428, 92 N. W. 809. The second trial was commenced at Langdon, Cavalier county, on the 3d day of November, 1903, before the Honorable John F. Cowan, acting at the request of Honorable W. J. Kneeshaw, judge of said district. The jury was impaneled and sworn on the 16th day of November, 1903. Evidence was submitted, arguments made, and the jury charged with the defendant's delivery on the 28th day of November, 1903, at 9 o'clock a. m., and thereafter, at 11:30 p. m. on the same day, the jury returned into court a verdict finding the defendant guilty of murder in the second degree, and fixing his punishment therefor at a period of seven years in the penitentiary. The court refused to accept this verdict, and returned it to the jury. The jury, having failed to return any other or different verdict, was discharged by the court on the 30th day of November, 1903, and the defendant was remanded to the custody of the sheriff without bail. Thereafter the state, over defendant's objection, secured a change of the place of trial to Walsh county, and the trial commenced on May 31, 1904. At the opening of the trial the defendant interposed the pleas of former jeopardy, former acquittal, and former conviction, in addition to his previous plea of not guilty, and presented proper proof in support of such pleas. These pleas were severally overruled by the trial judge, and, under his direction, the jury found against

the defendant as to each of them. A verdict of murder in the first degree was returned, and the punishment of the defendant was fixed at imprisonment for life. The defendant has appealed from the judgment entered on this verdict.

Counsel for defendant relies entirely upon the pleas of former jeopardy, former acquittal and former conviction as grounds for reversal. The proof offered in support of these pleas shows that at the previous trial the court instructed the jury that they might, under the law and evidence, return a verdict either for murder in the first degree or murder in the second degree; that the penalty for murder in the first degree was either death or life imprisonment, and for murder in the second degree imprisonment in the penitentiary not less than ten nor more than thirty years; and that it was their duty to designate the punishment. It also shows that on November 28, 1903, the jury, after having retired and deliberated from 9 o'clock a. m. to 11:30 p. m., returned into court, when they were asked by the presiding judge if they had agreed upon a verdict, and the foreman answered that they had, and presented the following verdict: "State of North Dakota, County of Cavalier. In District Court, Seventh Judicial District. The State of North Dakota, plaintiff, vs. William Barry, defendant. Verdict: We, the jury in the above-entitled action, find the defendant, William Barry, guilty of the crime of murder in the second degree as charged in the information, and we do hereby fix and determine that he shall be imprisoned in the penitentiary for the term of seven (7) years as his punishment therefor. E. E. Sherwin, Foreman." The trial judge refused to accept this verdict, and instructed the jury as follows: "I cannot accept the verdict which you have presented to the court, as it does not conform to any one of the verdicts which you may bring in under the evidence in this case, and the law as laid down by the court to you. Carefully read the instructions which I have heretofore given to you, that you may learn the proper verdict and the several penalties laid down by the law as I have declared it to you. I return to you the proposed verdict submitted by you to this court. I also submit to you another blank verdict of the same form and substance as the one returned. When you return the verdict you may agree upon, use pen and ink in signing it." Thereafter, in answer to requests, the following instructions were given: "In answer to your written request for further instructions as to the law in the case now before you, I charge you that the date of the information in this action has noth-

ing whatever to do with the terms of the verdict to be returned by you. Your verdict will date from the time it is rendered." Again: "In response to your request for further instructions in the case of State of North Dakota v. William Barry, I charge you that this case is now in your hands for your consideration, determination and verdict, under the law as laid down by the court to you, and upon the evidence submitted to you, as though there never had been any other trial of it. You should follow the instructions of the court as to the law. Read them carefully." On Monday, November 30, 1903, at 2:30 p. m., and thirty-nine hours after they had returned the verdict hereinbefore set out, the jury again returned into court, and stated to the court that they could not agree upon a verdict, whereupon they were discharged, and defendant remanded to the custody of the sheriff without bail.

The question of the legality of the judgment under which the defendant is now confined, and from which this appeal is prosecuted, is raised by several assignments of error. It is perhaps most clearly presented by the refusal of the trial judge to give the following instructions which were requested by the defendant: "The defendant, William Barry, has been heretofore, at a regular term of the district court of the county of Cavalier, in this state, begun and held at Langdon, in the month of November, 1903, arraigned and pleaded under the information upon which he is now on trial. The court so held in Cavalier county was a competent court to try the defendant, and had full jurisdiction of the defendant, and of the offense for which he was arraigned, and to which he pleaded not guilty. The information upon which he was tried was sufficient in form and substance to support a verdict by the jury. The jury was duly impaneled and sworn, testimony both for the state and defendant was offered and heard, arguments were made by the counsel for the state and the defendant, the jury was instructed by the court, charged with the deliverance of the prisoner, and the entire matter submitted to the jury for its verdict. Such jury was duly impaneled and sworn, and the trial of the defendant commenced on the 16th day of November, 1903, and continued thereafter until the 28th day of November, 1903, when the jury so impaneled, sworn and charged, returned into court with a verdict. * * * The verdict rendered by the jury found the defendant, William Barry, guilty of murder in the second degree, and sentenced him to imprisonment in the state penitentiary for a period of seven years, and was a valid and legal verdict." It is

insisted that the refusal of the trial court to give the foregoing in-
structions, and to further instruct the jury to sustain the defend-
ant's pleas of former jeopardy, former conviction and former acquit-
tal, was error. It is contended that the verdict returned upon the
former trial was a legal and valid verdict, and sufficient in form
and substance not only to authorize, but also to require, the trial
judge to pronounce judgment thereon. And, as against the verdict
and judgment in pursuance of which the defendant is now under-
going punishment, he invokes the protection of section 13 of the
state constitution, which provides that   "*   *   *   no person shall
be twice put in jeopardy for the same offense,   *   *   *" and
article 5 of the amendments to the federal constitution, of like tenor
and import:   "*   *   *   Nor shall any person for the same of-
fense   be   twice put in jeopardy of life and limb.   *   *   *"   If
counsel's position as to the legality of the former verdict and the
court's duty in reference thereto is correct, it is apparent that the
defendant's pleas should have been sustained.   There is, then, but
one question which requires consideration, and that is whether the
former verdict was legal and valid, and such a verdict as under our
statutes the trial judge was required to receive.   If it was, the
subsequent trial, in which the jury returned a verdict of guilty of
murder in the first degree and fixed the punishment at imprison-
ment for life, was without authority of law and void.   The answer
to this question turns upon the construction to be given to section
8246, Rev. Codes 1899, and the proviso contained therein relating to
verdicts in criminal cases in which the jury has affixed either a less
or greater punishment than that prescribed by law.   That section
reads as follows:

"If the jury return a verdict of guilty against the accused, the
court must before it is accepted ascertain whether it conforms to
the law of the case.   If, in the opinion of the court, the verdict
does not conform to the requirements of the law of the case, the
court must, with proper instructions as to the error, direct the jury
to reconsider the verdict, and the verdict cannot be accepted or
recorded until it is rendered in proper form.   But, if the punish-
ment imposed by the jury in the verdict, in cases where the jury
are authorized by law to determine the punishment, is not in con-
formity to the law of the case in that regard, the court may pro-
ceed as follows:

"(1)   If the punishment imposed by the jury in the verdict is
under the limit prescribed by law, for the offense of which the

defendant is found guilty, the court may receive the verdict and thereupon render judgment and pronounce sentence for the lowest limit prescribed by law in such cases; or,

"(2)  If the punishment imposed by the jury in the verdict is greater than the highest limit prescribed by law, for the offense of which the defendant is found guilty, the court may disregard the excess and render judgment and pronounce sentence according to the highest limit prescribed by law in the particular case."

We are of the opinion that the appellant's contention is sound and must be sustained. The proviso contained in the section just quoted, which excepts verdicts which do not conform to the law of the case in respect to the punishment imposed from the class of verdicts which may be returned to the jury, was first introduced in this jurisdiction in the revision of 1895. That part of the section which confers upon trial judges the general power to return verdicts with proper instructions when in their opinion they do not conform to the law of the case is in substance but a re-enactment of section 7431, Comp. Laws 1887, which is also perpetuated without change in section 8248, Rev. Codes 1899. The proviso, however, is new, and it is entirely clear that the purpose of the legislature in adding it was to take verdicts in which the only objectionable feature relates to the extent of the punishment affixed out of the class of verdicts which the court is authorized to return to the jury for reconsideration.

The verdict in question in this case, it will be seen, responds directly to the issue of defendant's guilt or innocence of the crime with which he was charged. It finds him "guilty of the crime of murder in the second degree," and in this respect is not subject to criticism. In fixing the period of defendant's punishment, however—and this is the only objectionable feature—it designates seven years, which is less than the minimum period for murder in the second degree. The question, then, is whether the verdict, notwithstanding this fact, is, in view of the proviso contained in section 8246, supra, a legal and valid verdict. In our opinion, this question must be answered in the affirmative. It is just such a verdict as is described in that section. It is unobjectionable, save that it fixes a shorter period of punishment than is authorized by statute for murder in the second degree. In the latter respect it did not conform to the law of the case. That fact, however, does not make it either insufficient or illegal, for the legislature, in the section just referred to, has removed verdicts like this from the

class of defective and illegal verdicts by expressly declaring that "if the punishment imposed by the jury in the verdict is under the limit prescribed by law for the offense of which the defendant is found guilty, the court may receive the verdict and thereupon render judgment and pronounce sentence for the lowest limit prescribed by law in such cases." So, too, and for the same reason, this section declares than when the punishment fixed is too great, and the verdict is otherwise sufficient, the court is authorized to pronounce judgment for the highest punishment allowed by law. In either event, and in every case to which the proviso applies, the court is given the power to pronounce judgment, and the judgment which it is authorized to pronounce is not that the defendant shall be punished for a period fixed by the court in its discretion, but for a period of time fixed by the legislature itself, i. e., the highest or the lowest period named by the statute for the crime of which the defendant is found guilty, as the verdict returned shall require.

It does not admit of doubt that had the trial judge in this case received the verdict and pronounced judgment upon it for the minimum period of punishment prescribed for murder in the second degree—that is, ten years—as the legislature has declared he may do, the judgment would have been in all respects regular and lawful. This is conceded by the counsel for the state. Their contention is, however, that it is optional with the trial judge whether he will or will not exercise the power which is given by this statute. It is said that the statute is not mandatory, but permissive, and that he may act under it or disregard it at his option. We are all agreed that this contention cannot be sustained. Section 8246, supra, clothes trial judges with power to pronounce judgment upon verdicts like the one in question. As to this there is no controversy. But does it do more than merely create the power? Does it not in fact impose the duty? We are clear that it does. True, the language in which the power is conferred is permissive in form, but that fact is not controlling. The question as to whether a statute is mandatory or directory depends upon the intent of the legislature, and not upon the language in which the intent is clothed. "The meaning and intention of the legislature must govern, and these are to be ascertained, not only from the phraseology of the provision, but also by considering its nature, its design, and the consequences which would follow from construing it the one way or the other." Black on Interpretation of Law, section 124.

It is well settled "that permissive words are peremptory when used to clothe a public officer with power to do an act which ought to be done for the sake of justice, or which concerns the public interests or the rights of third persons." Sutherland on Statutory Construction, 597; Black on Interpretation of Law, section 125. In obedience to this general rule, this court held, in State v. Kent, 5 N. D. 516, 67 N. W. 1052, 35 L. R. A. 518, that the permissive word "may," in the statute empowering district judges to call in another judge on the filing of an affidavit of prejudice in felony cases, should be construed as "must." The rule of construction in England in construing acts of parliament, and in this country in construing statutes. is that, "when the statute directs the doing of anything for the sake of justice or the public good, the word 'may' is the same as the word 'shall,' for he is compelled to do it." Rex v. Barlow, 2 Salk. 609; Supervisors v. U. S., 71 U. S. 435, 18 L. Ed. 419, and cases cited. The power in such cases is not granted for the benefit of the donee of the power, but for the benefit of the public or third persons; and it is held that the grant does not devolve a mere discretion upon the donee, but imposes a positive and absolute duty. In Endlich on Statutory Construction, sections 306 and 310, it is said: "Statutes which authorize persons to do acts for the benefit of others, or, as it is sometimes said, for the public good or the advancement of justice, have often given rise to controversy, when conferring the authority in terms simply enabling and not mandatory. In enacting that they 'may' or 'shall, if they think fit,' or 'shall have power,' or that 'it shall be lawful' for them to do such acts, a statute appears to use the language of mere permission; but it has been so often decided as to have become an axiom that, in such cases, such expressions may have, to say the least, a compulsory force, and so would seem to be modified by judicial exposition. * * * It would be difficult to believe that parliament ever intended to commit powers to public persons for public purposes for exercise or nonexercise in any such spirit. An enactment that a court or person 'may' swear witnesses, or that a justice 'may' issue a summons on complaint of an offense, or the chancellor a commission in a case of bankruptcy, is no mere permission to do such acts with a corresponding liberty to abstain from doing them. Whenever the act is to be done for the benefit of others, the word 'may,' or any of its equivalents, simply confers a power or capacity to do the act. It is facultative, not permissive; and neither by its own connotation, nor by force

of any legal principle, does it necessarily imply an option to abstain from doing the act. On the contrary, it is a legal, or rather a constitutional, principle, that powers given to public functionaries or others for public purposes or the public benefit are always to be exercised when the occasion arises. * * * The Supreme Court of the United States similarly laid it down that what public officers are empowered to do for a third person, the law requires shall be done whenever the public interest or individual rights call for the exercise of the power; since the latter is given not for their benefit, but for his, and is placed with the depositary to meet the demands of right and prevent the failure of justice. In all such cases, the court observed, the intent of the legislature, which is the test, is, not to devolve a mere discretion, but to impose a positive and absolute duty." See cases cited in 20 Am. & Eng. Enc. Law, 239. Under the foregoing rule of construction, and to give effect to the obvious intent of the legislature, it is clear that section 8246 must be held to be mandatory, and that it was the absolute duty of the trial judge in this case to receive the verdict and pass judgment thereon. The manifest purpose of the legislature in adding this proviso was to prevent a miscarriage of justice in criminal trials, where the only objectionable feature of the verdict returned relates to the measure of punishment affixed. This it did by fixing the period of punishment which should be inflicted in all such cases, and authorizing the trial judge to pronounce judgment. Such verdicts, in view of our statute, are not defective. They are just as certain as to the punishment as though the penalty designated by the legislature was written in each verdict. The verdict in question in this case is as certain as though the jury had written into it ten years instead of seven years, for that is the period of punishment which the legislature has declared shall be pronounced under the conditions presented by this verdict. The provisions contained in section 8246, which control our decision in this case, are not common. So far as we are able to ascertain, Missouri is the only state that has the same or a similar statute. The statute has been applied in that state in a series of cases, and it has been held without question to impose a duty upon trial judges to pronounce judgment upon verdicts which come within its terms. State v. McQuaig, 22 Mo. 319; State v. Sears, 86 Mo. 169; State v. Snyder, 98 Mo. 555, 12 S. W. 369; State v. Dalton, 106 Mo. 463, 17 S. W. 700; Ex parte John Snyder, 29 Mo. App. 256; State v. Tull, 119 Mo. 421, 24 S. W.

1010. The Missouri statute uses the word "shall" instead of the permissive word "may." This difference, however, as we have seen, under the rules of construction hereinbefore stated, and the obvious purpose of the statute, has no controlling significance.

It follows from what we have said, that the verdict returned by the jury upon the former trial and on November 28, 1903, was in all respects a legal and valid verdict, and that it was the duty of the trial judge to receive the same and to enter judgment upon it for the minimum period fixed by the legislature for murder in the second degree, to wit, ten years, and that the subsequent trial and verdict was without authority of law and void, and the trial court exceeded its authority in sentencing the defendant to life imprisonment. The only valid verdict was that of November 28, 1903, and the punishment designated by the legislature under that verdict was ten years. Although judgment was not entered upon that verdict, the defendant has been restrained of his liberty because of it, and the period of his lawful imprisonment must therefore be deemed to have begun when judgment should have been entered. See State v. Snyder, 98 Mo. 555, 12 S. W. 369.

Instead of directing the entry of a new judgment nunc pro tunc as of the date of the verdict, we have concluded to modify the judgment appealed from. The district court is accordingly directed to modify its judgment so that the period of defendant's imprisonment will be the same as it would have been if the ten-year sentence had been imposed upon the return of the former verdict, November 28, 1903, and, as thus modified, the judgment will be affirmed. All concur.

ENGERUD, J., having been of counsel, did not sit in the above case; HON. C. J. FISK, Judge of the First Judicial District, sitting by request.