## Will Hall v. The State.

### *No. 3220.    Decided November 6.*

1. **Murder—Indictment.**—A murder committed with "malice aforethought" is necessarily an unlawful killing, and therefore it is not necessary that an indictment for murder shall charge that the killing was unlawful. Conforming to No. 388 of Willson's Criminal Forms, the indictment in this case is sufficient.

2. **Practice—Jury Law.**—A Special Venire is a writ issued by order of the court in a capital case for any number of persons not less than thirty-six, within the court's discretion, to serve as a jury in the particular case. The failure of the sheriff to summon all of the persons ordered, even though the number summoned be less than thirty-six, constitutes no valid objection to either the special venire or the return thereof.

3. **Same.**—The rule has been laid down by this court, and is reasserted, that until a special venire has been exhausted, or has been discharged with the defendant's consent, the trial court has no power to order the issuance and execution of another venire.

4. **Same—Case Stated.**—The defendant verbally applied for a special venire of sixty men, but by inadvertence only fifty-nine names were drawn or placed upon the list attached to the writ. Of the fifty-nine so placed upon the list, fifty-seven were actually summoned. The defendant moved to quash the *service* upon him of the special venire, but made no motion with respect to the special venire itself. The court asked the defendant if he would waive his right to a venire of sixty men, or if he desired to apply for a special venire in writing, under oath, as provided by article 607 of the Code of Procedure. He declined to do either; whereupon the district attorney moved orally, under article 606, for a special venire of sixty men. The trial court sustained the motion and ordered a new special venire of sixty men, but made no order or entry discharging the first venire. To the validity of this second special venire, and to being compelled to select his jury therefrom, the defendant objected because the order therefor was unauthorized and void. and because the original special venire had not been quashed or vacated. The court overruled the objections, and required the defendant to select his jury from the second venire. *Held*, that in this ruling, and in depriving the defendant of his right to select his jury from the original special venire, the trial court erred.

5. **Same—"Reasonable Doubt"—Charge of the Court.**—The trial being for murder, it is objected to the charge of the court that it omitted to instruct the jury to apply the reasonable doubt as between the several degrees charged upon. Such omission is not error when the court has applied the reasonable doubt to the whole case, except in those cases wherein the court has refused special instructions covering the omission.

6. **Same.**—A defendant can not be heard to complain that the court has given instructions requested by him.

Appeal from the District Court of Tyler. Tried below before Hon. W. H. Ford.

The conviction in this case was in the second degree for the murder of Frank Hughs, and the penalty assessed by the verdict was a term of five years in the penitentiary.

The questions determined on this appeal do not involve the evidence adduced on the trial.

*Cooper* and *West & Chester*, for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—An indictment for murder need not allege that the killing was "unlawfully" done. A murder committed with "malice aforethought" is necessarily unlawful. Stephens v. The State, 20 Texas Ct. App., 255; Jackson v. The State, 25 Texas Ct. App., 314. The indictment was sufficient (Willson's Crim. Forms, No. 388, p. 173), and the court did not err in overruling the defendant's motion in arrest of judgment based upon this supposed defect.

Defendant made a motion to quash the *service* of the special venire which had been made upon him. He did not make any motion to quash the special venire itself. But when his motion to quash the service was submitted, it was discovered that defendant had applied on verbal motion for a special venire of 60 men, but that by inadvertence only 59 names had been drawn or placed upon the list attached to the writ. The court asked the defendant if he waived his right to a venire of 60 men, or if he desired to make an application in writing, under oath, for a special venire as provided by article 607 of the Code of Procedure. Defendant replied that he did not waive any of his rights, but that he did not wish to make oath in writing for another special venire; whereupon the district attorney made his oral motion as provided by article 606, and upon his motion a new special venire for 60 men was ordered. When the case was called for trial the defendant objected to this new special venire, because he had never moved to quash or vacate the original special venire; that in fact it had never been quashed or vacated, there being no order of the court to that effect; that the order for, and the summoning of, the second special venire was unauthorized and void, and that he should not be compelled to select a jury therefrom.

It appears that though the court did order the second venire on motion of the district attorney, no order was made and entered discharging the first venire. The fact that only 59 names, instead of 60, as asked for by the defendant, were upon the list attached to the original writ neither invalidated the writ nor the venire summoned under it. A special venire is a writ issued by order of the court for any number of persons not less than thirty-six, in the discretion of the court, to serve as a jury in the particular case. Code Crim. Proc., art. 605. Any number over thirty-six it is discretionary with the court to order. It rarely happens that all those ordered are summoned, and this fact, even if the number summoned be less than thirty-six, would not invalidate the special venire, or constitute any valid objection to the return. Willson's Crim. Stats., sec. 2252. By the copy served on defendant, 57 of the 59 persons whose names were on the original list had been actually summoned. It was within the discretion of the court to have the trial jury selected from these persons, notwithstanding the order had called for 60

persons. But, as stated above, the court did not discharge the original venire; it ordered a second one, and required defendant to select his trial jury from the latter over his exceptions and objections to the same. In Sharpe's case it was held that until a special venire has been exhausted, or has been discharged with the defendant's consent, the court below had no power to order the issuance and execution of another venire. 17 Texas Ct. App., 486.

The charge of the court is made the subject of several objections, which are claimed for error. It is objected that the court did not instruct the jury to apply the reasonable doubt as between the several degrees charged upon. Such omission has never been held reversible error, where the court applies the reasonable doubt to the whole case, except in those cases where such an additional instruction has been specially requested and refused by the court. McCall v. The State, 14 Texas Ct. App., 353.

Exception is taken to the 23d and 24th paragraphs of the charge, and specially to the use and repeated use of the words "*honest belief*" in connection with defendant's right of defense against demonstrations of danger where there have been antecedent threats. These two paragraphs, in the main, are almost literally copied from the first special requested instruction asked for the defendant, and refused because substantially given in the general charge.

The words "*honest belief*" are used in said special instruction in the same connection as given in the general charge. A defendant has no ground to complain that the court gives instructions which he himself has requested. We will further remark in this connection that we have searched the statement of facts in vain for any evidences of such threats by the deceased, and an endeavor to execute them, as called for any instruction whatever on that particular branch of the law. True, the parties had engaged in one or more drunken quarrels on the evening of and just before the homicide, and doubtless deceased, in his then maudlin condition, was willing to fight defendant in mutual fistic combat; but all the testimony shows that he was unarmed, and does not show any serious threats on his part. But we do not deem it necessary to further discuss this matter, nor in fact any of the other errors assigned.

We are of opinion that the defendant, under the peculiar facts stated above, had the right to select his trial jury from the list of the original special venire, and because this right was denied him the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, J., absent.