ANDREW TUCKER v. THE STATE.

No. 14412.   Delivered November 4, 1931.

The opinion states the case.

*E. O. Northcutt,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being two years in the penitentiary.

A joint indictment was returned against appellant and Charley Williams charging them with the murder of T. B. Whatley. A severance was granted. Appellant was alone on trial.

The indictment was returned into court on the 4th day of September, 1930. On the 29th day of September appellant filed his affidavit averring that he was born in 1913, and, therefore, was a juvenile, and

asked that his case be transferred to the juvenile court. Bill of exception No. 3 complains of the action of the court in finding against the plea of juvenility. It appears from the record that the hearing on this motion was begun on October 1st, and seems to have been heard from time to time until November 28th when it was finally overruled; on that same day appellant was put to trial on the indictment. The evidence pro and con on the preliminary issue of appellant's age is brought forward. The learned trial judge gave as his reason for overruling appellant's plea that the evidence was not sufficient to convince him that appellant was under seventeen years of age. The statute (article 1086, C. C. P., 1925) reads as follows: "The age of the accused shall not be admitted by the attorney representing the State, but shall be proved to the *satisfaction* of the court as in other cases where the age of a person is in question."

In Flores v. State, 89 Texas Crim. Rep., 506, 231 S. W., 786, it is held that the statute placed the burden upon appellant to prove that he is a juvenile and that such fact must be established to the satisfaction of the trial judge. The evidence upon the point was conflicting and in many respects unsatisfactory. The decision of the trial judge either way upon the issue would find support in the evidence. Nothing in the record indicates that the action of the court was arbitrary, but it appears that he was exercising a sound judicial discretion in determining the issue. We do not discuss the matter further. Before another trial the question of juvenility will pass out of the case.

Bill of exception No. 4 reflects that appellant filed a motion to quash the special venire because the writ for same only commanded the sheriff to summon thirty-five persons. The court declined to quash the venire. In approving the bill the court certifies as a qualification thereto that he ordered the clerk to draw a verine of thirty-six men and so noted the order on the docket, but that the clerk, through mistake drew only thirty-five. The writ itself does not indicate-that the clerk made a mistake in counting the number of jurors drawn. It specifically recites that "the following named thirty-five persons have been selected * * * to serve as jurors," and then the names of the thirty-five jurors follow in the writ. The writ directs the sheriff to "summon each of the foregoing thirty-five persons."

Article 587, C. C. P., 1925, reads as follows: "A 'special venire' is a writ issued in a capital case by order of the district clerk, commanding the sheriff to summon such a number of persons, *not less than thirty six,* as the court may order, to appear before the court on a day named in the writ; from whom the jury for the trial of such case is to be selected."

Article 589 provides: "The order of court for the issuance of the writ shall specify the number of persons required to be summoned, and the time when they shall attend, and the time when such writ shall be

returnable. *The clerk shall forthwith issue the writ in accordance with such order."*

In 1878 the law provided that a special venire should consist "of not less than thirty-six, nor more than sixty." In Harrison v. State, 3 Texas App., 558, it appears that the judge directed seventy-five persons to be summoned upon the venire. In passing upon the question Judge White said: "It is not for us to speculate as to the reason for limiting a special vnire to 'not less than thirty six nor more than sixty persons.' Suffice it to say that, until the law-making power of the state, which established, sees fit and does repeal or change it, district judges would do well to keep within the limits of the provision, since it is so easy to do so, and thereby save any controversy upon the legality or propriety of questions of practice relative thereto."

The learned judge might have added as another reason why the statute should be strictly followed in regard to such matters was that it would save the delay and expense incident to an appeal. In Hall v. State, 28 Texas App., 146, 12 S. W., 739, decided after the statute was amended to read as it does now, is found the following statement: "A special venire is a writ issued by the order of the court for *any number of persons not less than thirty six,* in the discretion of the court, to serve as a jury in the particular case. * * * Any number over thirty six it is discretionary with the court to order."

The inference is very clear from the language used that the court had no discretion to order a venire of less than thirty-six. In Hunter v. State, 34 Texas Crim. Rep., 599, 31 S. W., 674, it appears that the court ordered a special venire of ninety men drawn. The clerk drew and directed the writ for only sixty. In passing upon the question the court said: "After the court has made its order, the duties of the clerk are not judicial, but merely ministerial under the statute, and he has no option but to draw the exact number of men ordered by the judge. To hold otherwise would invade the province of the court and invest the clerk with powers never intended by the law."

In the present case the court's order was in compliance with the statute directing the selection of not less than thirty-six special veniremen. By mistake apparently the clerk overlooked the order and selected only thirty-five. If this should be held not erroneous it would seem to vest in the clerk the right to disregard the order of the court and to select thirty, or twenty-five, as to him might seem proper. We find no option but to hold it error for the court not to set aside the list of veniremen and reset the case and order a venire drawn in compliance with the statute and his order.

We find a bill of exception complaining of the refusal of the court to grant a continuance on account of the absence of appellant's father who was desired as a witness. The court's qualification to the bill seems to

have justified his action on account of insufficient diligence, but we do not discuss the matter as it will not arise upon another trial.

From bill of exception No. 5 it appears that the court had admitted in evidence over objection of appellant a statement made by a witness to Charley Williams, in appellant's presence, regarding a gun; and by bill of exception No. 6 that he had also permitted over appellant's objection another witness to state that he had heard Williams say to appellant, "Don't argue with him, just kill him." The court reached the conclusion that he had erroneously admitted such testimony, and by a supplemental charge withdrew from the consideration of the jury the testimony complained about in each of the bills. We do not discuss the bills further than to say that under the present record it appears that the court was correct in withdrawing the testimony, and, of course, the same will not be admitted upon another trial under similar circumstances.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*