Appellant did not testify or offer any evidence in his own behalf.

■ We overrule appellant's contention that the evidence is insufficient to support the verdict and address ourselves to a discussion of the failure of the court to charge that Victor Vargas was an accomplice witness. The record does not reflect that Victor ever accepted appellant's offer of fifty cents to bring men to the hotel and such a showing would be necessary in order to make him an accomplice witness. As to the trip to the bracero camp, it was an entirely separate transaction from that for which appellant was being tried and would not make Victor an accomplice witness. Silba v. State, 161 Tex.Cr.R. 135, 275 S.W. 2d 108.

■ Appellant next contends that the court erred in failing to grant his requested charge which would have informed the jury that they must find appellant was keeping the house in a continuous and continuing manner. Such a charge is not required because the statute (Article 514, Vernon's Ann.P.C.) provides that each day such a house is kept constitutes a separate offense. Reynolds v. State, 162 Tex.Cr.R. 143, 276 S.W.2d 279.

Finding no reversible error, the judgment of the trial court is affirmed.

Lawson WARD, Appellant,

v.

STATE of Texas, Appellee.

No. 32083.

Court of Criminal Appeals of Texas.

Oct. 19, 1960.

**36**

Marion G. Holt, Nacogdoches, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DAVIDSON, Judge.

This is a conviction for murder with malice, with punishment assessed at fifteen years in the penitentiary.

The sole question presented for review is the failure of the trial court to sustain appellant's motion to quash the venire.

The trial court ordered a venire of two hundred fifty names drawn from the jury wheel. The clerk of the court, in carrying out that order, drew the names of two hundred fifty persons but of that number there was a duplication of one name—that is, the name of one person appeared twice upon the venire.

Appellant insists, therefore, that the names of only two hundred forty-nine persons were drawn upon the venire and that such constituted disobedience and failure to draw the number of veniremen that the trial court called. In support of that contention he cites: Tucker v. State, 119 Tex. Cr.R. 490, 43 S.W.2d 103; Smithwick v. State, 155 Tex.Cr.R. 292, 234 S.W.2d 237; and Harrison v. State, 3 Tex.App. 558.

We are unable to agree that the instant facts come within the rule announced by the authorities cited, or that there was failure on the part of the clerk to draw the number of veniremen the trial court ordered.

It was not the fault of the clerk that a duplication appeared in the jury wheel. He drew the number of veniremen ordered.

In this connection, upon being apprised of appellant's contention and that a duplication of names had occurred, the trial court offered to have the name of an additional veniremen drawn from the jury wheel.

Appellant elected, rather, to rely upon his motion to quash.

We are unable to agree that, under the facts stated, the trial court fell into error in refusing to sustain the motion to quash the venire.

Accordingly, the judgment is affirmed.