STATE OF NORTH DAKOTA, Respondent, v. D. W. KEYES, Appellant.

(227 N. W. 224.)

Opinion filed October 24, 1929.

*Hugo P. Remington,* for appellant.

*James Morris,* Attorney General, and *Chas. S. Ego,* State's Attorney, for respondent.

BURR, J.   In the county court of Ransom county with increased jurisdiction, the defendant was charged with assault and battery on Anna Duc.   Upon trial of the case the jury returned a verdict of guilty, and judgment and sentence were passed in accordance therewith. A motion for a new trial being denied the defendant appeals setting forth four specifications of error namely: "Misconduct on the part of the state's attorney, prejudicial to the rights of the defendant, and which prevented the state from according the defendant a fair trial;" error of the court in refusing to give a certain instruction requested by the defendant; insufficiency of the evidence to justify the verdict; and error in denying the defendant's motion for a new trial.   Anna Duc was the housekeeper of the defendant and living with her in his home were her boy and girl.   The boy, a lad about 15 years at the time of trial, was with the defendant in the farm yard and while there the defendant called the boy's attention to the actions of a certain pig. The boy says that the defendant asked "Did I know what is the matter with the pig, and I said no, and he said, the same as the matter with my mother."   The defendant's version is: "There was a pig following along behind the wagon aways and was acting mean, and I said the pig is acting mean. I guess I said that is about the way his mother was acting."   In any event the boy told his mother and testified that she became exceedingly angry over it.

The charge of misconduct on the part of the state's attorney is based upon his addresses to the jury.   These appear to be set forth in full in the record; but the portion excepted thereto is too lengthy to be quoted in this opinion.   The state's attorney in his address to the jury said, among other things:

"You will also have the right to determine from the testimony whether Mr. Keyes has a mean and lascivious idea that he was trying to convey to this boy by means of the remark which the boy said was directed by Mr. Keyes about his mother. He didn't just understand what Mr. Keyes had in mind because he said that as soon as he got to the house he told his mother about the remark that Mr. Keyes had made and that made his mother angry. That as soon as Mr. Keyes came to the house she asked him if he made a statement comparing her to this pig."

We have examined the addresses of the counsel for the state as presented in the record and we find there was nothing but legitimate comment upon the versions of the testimony presented by the witnesses; indeed the state's attorney repeatedly told the jury to the effect that "The state is interested in protecting Mr. Keyes, and the state does not want any verdict that is not right and just and reasonable. Do what you think is right and just by this man." Before this he had said: "If his story is to be believed there is sufficient testimony that at the time he laid his hands on this woman he was in fear of bodily injury, and if you think that is true you should acquit him." We find no proof of any misconduct on the part of the state's attorney.

The next specification of error is that the court erred in refusing to give the jury the instruction requested by the defendant:

"You are further instructed that a man who is upon his own property, and in his own home, is not obliged to retreat before any assault, however slight, or, on the other hand, however menacing, but that such man, under such circumstances, is privileged to use all necessary force to repel such assault, and to restore order in his home."

There was no argument to the jury or suggestions that the defendant was required to retreat. The court charged the jury as follows:

"You are instructed that to use or attempt to use force or violence upon or towards the person of another is not unlawful, when committed by the party about to be injured, or by any other person in his aid or defense, in preventing or attempting to prevent an offense against his person, or any trespass or other unlawful interference with real or personal property in his lawful possession, provided the force or violence used is not more than sufficient to prevent such offense.

"You are instructed that if you believe from the evidence, or have a

reasonable doubt thereof, that the complaining witness, Anna Duc, at the time and place mentioned in the information made an assault, that is made a wilful and unlawful attempt or offer with force or violence to do the defendant a bodily hurt, and which led the defendant, as a reasonable man, situated as he was, to believe that he was about to be assaulted by the complaining witness, Anna Duc, and that to prevent such threatened injury to his person, he used force upon the person of the complaining witness and used no more force than was necessary, or as to him as a reasonable man, under the circumstances seemed necessary, then I instruct you that you should acquit the defendant."

This is in harmony with our law as set forth in § 9547 of the Compiled Laws. There was no element of "retreat," "defense of home" and such matters in the case, other than the assault and battery took place in his home. There was no error in failing to give the requested instruction.

The defendant says the evidence is insufficient to justify the verdict. The complaining witness testifies that the defendant assaulted her, knocked her down to the floor and knelt down, threw his coat over her head and choked her. There is testimony that her face was scratched and her neck marked and red. The defendant says he threw his jacket over her head in order to protect himself, that she was about to assault him and in order to prevent it he threw his jacket over her head and held it until he could get past her and out of the door. It is clear from the evidence that the remark which he made to her son about the pig and comparing the pig to her angered her. When he returned she asked him about that remark. There was testimony to the effect that when he told her of it or admitted some version she undertook to slap his face. There is a conflict of testimony in the matter. Defendant admits using force but claimed it was necessary in order to protect himself. The case was submitted to the jury and full instructions given in regard to the versions, burden of proof and what was required before a conviction could be had. There was sufficient evidence to take the case to the jury. The jury believed the version given by the complaining witness rather than the defendant's story, and there is sufficient testimony in the record to justify the verdict, hence the verdict must stand.

The remaining specifications of error are to the effect that the court

erred in denying the defendant's motion for a new trial. The motion for a new trial was made on the same grounds as presented here. The court recognized the conflict in the testimony but also that there was sufficient evidence to have justified a verdict either way. An examination of the record leads us to the same conclusion. The case was fairly submitted to the jury; there is plenty of evidence to justify the verdict so the judgment is affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.